# STATE OF MICHIGAN

# COURT OF APPEALS

HOLLY M. MERCHANT,

Plaintiff-Appellee,

v

PAUL L. MERCHANT,

Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No.  318336
Eaton Circuit Court
LC No.  12-001634-DO

Before:  MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's judgment of divorce ending the parties' five-year marriage.  We affirm.

After plaintiff filed for divorce, defendant filed a motion for interim support and attorney fees, requesting the trial court to order plaintiff to pay him $1,500 a month for "bills and necessities," $3,000 for legal expenses, and all mediation costs.  After the parties reached an agreement in judicial chambers, the trial court ordered plaintiff to pay defendant $1,000 and to pay the mediation costs.  The parties reserved the right to argue about these awards at trial. Approximately two and one-half months later, the court granted defendant's counsel's motion to withdraw, 16 days before trial.  Defendant did not appear at the motion hearing and did not request an adjournment to retain new counsel.  Defendant represented himself at trial.

The trial court granted the property distribution as requested by plaintiff and denied defendant's request for spousal support.  Defendant, having retained a new attorney, filed a motion for reconsideration, which the court denied.

Defendant first argues that he was denied his right to counsel when the court allowed his lawyer to withdraw without, he asserts, allowing him the opportunity to obtain new counsel. Because defendant first raised this issue in his motion for reconsideration, it need not be addressed by this Court. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009).  Nonetheless, because "the issue involves a question of law and the facts necessary for its resolution have been presented," *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010), we will address it.

"An attorney who has entered an appearance may withdraw from the action or be substituted for only with the consent of the client or by leave of the court." *In re Withdrawal of*

-1-

*Attorney*, 234 Mich App 421, 431; 594 NW2d 514 (1999). Although the Rules of Professional Conduct do not expressly apply to an attorney's motion to withdraw, this Court has found it "logical, however, to consider the question of withdrawal within the framework of our code of professional conduct." *Id*. at 432.

Michigan Rule of Professional Conduct (MRPC) 1.16(b) states:

Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

The record supports the court's action. Defendant's attorney explained that the communication with defendant had "broken down to such an extent that it's no longer tenable for us to represent" him, that defendant "missed deadlines that we've asked for, materials," that defendant was "unresponsive," and that defendant's attorney's firm no longer felt "confident that [it could] represent him with, with the position that he's taken." The record indicates that defendant was not present at the motion to withdraw and thus made no argument against it. Under the circumstances, granting the motion was proper.[1]

Defendant also argues that he was denied a fair trial when the trial court ignored the alleged fact that he was heavily medicated at the bench trial and thus not competent. The right to a fair trial is a fundamental liberty interest. *People v Banks*, 249 Mich App 247, 258; 642 NW2d 351 (2002). At the end of trial, after ruling on the issues before it, the trial court asked defendant

---

[1] To the extent defendant contends that the trial court should have adjourned this matter sua sponte at the time of his counsel's motion to withdraw, he has abandoned such an argument by failing to provide any supporting authority. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

if he had "any last questions . . . ." Defendant responded, "Yes. I have no idea what I'm doing. And I'm heavily medicated today. And I thought there was a lot of case law, at least." The trial court found defendant's claim "disingenuous," explaining that defendant appeared "to bring up the points that are to your favor and whenever you get into a position on cross-examination from plaintiff's counsel then that's when you suddenly would claim to be heavily medicated and unsure." Defendant contends that the trial court should have inquired into his mental capacity.

The court was provided with a sufficient opportunity to ascertain whether defendant was competent throughout the trial. Defendant was sworn and testified without any indication that he was incompetent. Defendant was able to cogently testify about his career, his medical history, and certain e-mails that were in issue. He was able to explain when he did not understand questions, explain things that he believed his doctors misunderstood, defend himself when accused of lying, and explain that he was not having an affair. Additionally, defendant competently cross-examined plaintiff regarding repairs he had made to her car and home, financial advice he had provided her, the sexual aspect of their relationship, and if she was aware of his medical issues and medications that he was taking. Defendant has not demonstrated that he was denied a fair trial.

We also reject defendant's argument that the trial court failed to properly explain what he characterizes as "an uneven distribution of assets."[2] We review a trial court's finding of facts under the clearly erroneous standard. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). If the findings are upheld, we must determine "whether the dispositive ruling was fair and equitable in light of those facts." *Id.* at 151-152. That ruling should be affirmed unless we are "left with the firm conviction that the division was inequitable." *Id.* at 152.

"The goal of a court when apportioning a marital estate is to equitably divide it in light of all the circumstances. The trial court need not achieve mathematical equality, but the trial court must clearly explain divergence from congruence." *Reed v Reed*, 265 Mich App 131, 152; 693 NW2d 825 (2005) (citation omitted). "[W]hile the division need not be equal, it must be equitable." *Sparks*, 440 Mich at 159.

> [T]he following factors are to be considered wherever they are relevant to the circumstances of the particular case: (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Id.* at 159-160.]

---

[2] We note that defendant received a home in Grand Rapids, plaintiff received a home in Grand Ledge, and each party received a vehicle. The court ordered that each party would receive his or her own financial and retirement accounts, except that defendant would receive "50% of the marital portion of the Plaintiff's defined benefit plan with the Michigan Public School Employees Retirement System."

"Findings of fact regarding matters contested at a bench trial are sufficient if they are [b]rief, definite, and pertinent, and it appears that the trial court was aware of the issues in the case and correctly applied the law, and where appellate review would not be facilitated by requiring further explanation." *Triple E Produce v Mastronardi Produce, Ltd*, 209 Mich App 165, 176; 530 NW2d 772 (1995) (citations and internal quotation marks omitted).

The trial court expressly considered the past relations and conduct of the parties, the length of the marriage, the ability of the parties to work, the parties' ages, the present situation of the parties, the needs of the parties, the health of the parties, the prior standard of living for each party, the contributions to the joint estate, and general principles of equity. The court's findings were sufficient.[3]

Defendant also states in a conclusory fashion that "the Court . . . gave undue weight to fault in its determination of the division of property." Fault is "an element in the search for an *equitable* division—it is not a punitive basis for an inequitable division." *McDougal v McDougal*, 451 Mich 80, 90; 545 NW2d 357 (1996). The record does not demonstrate that the trial court overemphasized fault. Although the trial court did mention fault, it also considered the length of the marriage, defendant's mental health issues, the parties' ability to work, the parties' ages, the parties' present living situations, that there were no extraordinary needs of either party, the prior standards of living for both parties, and the parties' contributions, or lack thereof, to the marital estate.

Additionally, defendant does not explain what he claims was "uneven" about the trial court's property distribution. A "mere statement of a position without argument or citation of authority is insufficient to be considered by an appellate court." *Haynes v Monroe Plumbing & Heating Co*, 48 Mich App 707, 719; 211 NW2d 88 (1973).

Defendant argues that the court erred in denying him an equity interest in the Grand Ledge marital home, asserting that it was his idea to pay down the mortgage on the marital home and that it is undisputed that $30,000 of his separate property was used to do so. Plaintiff disputes that the $30,000 defendant refers to as his separate property was, in fact, solely his property. She indicated at trial that it was her income and payments regarding the Grand Rapids home that allowed defendant to obtain the $30,000 (from a land-contract settlement after an attempt to sell the home) in the first instance. In any event, defendant again makes only a cursory, unsupported argument that is insufficient for obtaining appellate relief. *Id*. Defendant has simply not set forth a basis for finding that the property distribution was inequitable or somehow contrary to law, especially in light of plaintiff's testimony.

We also hold meritless defendant's argument that the trial court "ignored the law" and focused on his alleged fault when it denied his request for spousal support after it had earlier

---

[3] Although the court explicitly referred to spousal support when discussing these factors, the fact remains that the court *did* consider and make findings regarding the factors. After discussing the factors, the trial court immediately went on to discuss the division of assets and stated, "I believe I've covered the statutory factors."

ordered temporary spousal support. Defendant's argument is predicated on a fundamental misunderstanding of the temporary order. The order granting him interim spousal support merely ordered plaintiff, according to the parties' agreement after negotiating in chambers, to make a one-time payment of $1,000 to defendant and to "front" the parties' mediation costs. No findings were made and no analysis was given. Further, as discussed above, the trial court made its final support determination based on its analysis of multiple factors, only one of which involved fault. Therefore, the trial court did not abuse its discretion in denying defendant's request for spousal support.

Defendant also argues that the court erred in denying his request that plaintiff assist in paying his attorney fees. This Court reviews a trial court's decision to grant or deny attorney fees for an abuse of discretion. *Reed*, 265 Mich App at 164. "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Luckow v Luckow*, 291 Mich App at 417, 423; 805 NW2d 453 (2011). This Court reviews for clear error any findings of fact on which the trial court bases an award of attorney fees. *Reed*, 265 Mich App at 164. "[A]ttorney fees are not recoverable as of right in divorce actions. Either by statute or court rule, attorney fees in a divorce action may be awarded only when a party needs financial assistance to prosecute or defend the suit." *Id.* (citation omitted).

Defendant cites MCL 552.13 and MCR 3.206. MCL 552.13(1) states:

> In every action brought, either for a divorce or for a separation, the court may require either party to pay alimony for the suitable maintenance of the adverse party, to pay such sums as shall be deemed proper and necessary to conserve any real or personal property owned by the parties or either of them, and to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency. It may award costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver.

MCR 3.206(A)(6) states that "[a] party who requests spousal support in an action for divorce, separate maintenance, annulment, affirmation of marriage, or spousal support, must allege facts sufficient to show a need for such support and that the other party is able to pay." MCR 3.206(C) states:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that

> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

Although defendant was not represented by counsel at trial, a trial court is not required to look beyond what the requesting party provides to determine whether awarding attorney fees may be appropriate in a given case. MCR 3.206(C)(2) (stating that "[a] party who requests attorney fees and expenses must allege facts sufficient to show . . ."). In this case, it is undisputed that defendant did not work during the marriage. However, it was disputed whether he was able to work and whether he continued to be able to do so at the time of trial. The trial court found that the testimony given at trial did not demonstrate an inability to work. Defendant testified that he has a degree in information technology and a Master of Arts degree in business administration. Further, defendant stated in his closing argument that he thinks he can work. No error has been shown.

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto